UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEREMY WILBURN, an individual ) <br> ) <br> TODD POLLARD, an individual ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BUREAU OF ALCOHOL, TOBACCO, ) <br> FIREARMS, AND EXPLOSIVES, ) <br> and STEVEN DETTELBACH, in his ) <br> official capacity as Director of the ) <br> Bureau of Alcohol, Tobacco, Firearms ) <br> and Explosives ) <br> ) <br> Defendants. ) | Case No. 2:23-cv-13170-FKB <br><br> Honorable F. Kay Behm |

_____

LAW OFFICES OF BARTON MORRIS
Barton W. Morris, Jr. (P54701)
Ian M. Redmond (P70599)
Attorneys for Plaintiffs
801 West Big Beaver Road, Suite 600
Troy, MI  48304
(248) 541-2600
barton@bartonmorris.com
ian@bartonmorris.com
_____

PLAINTIFFS'

MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Todd Pollard and Jeremy Wilburn, (collectively "Plaintiffs") by and through their attorneys, The Law Offices of Barton Morris and pursuant to Federal Rule of Civil Procedure 65, hereby requests entry of a preliminary injunction requiring Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives, and Steven Dettelbach honor the Constitutional Rights of Plaintiffs to own, purchase, carry and otherwise possess firearms subsequent to their expungements.

1

Plaintiffs, for their Motion, rely upon the arguments and authorities set forth in their Brief in Support of this Motion.

Pursuant to L.R. 7.1(a), Plaintiffs' counsel requested concurrence from Defendants' in the relief requested by this motion on October 16, 2023, and despite reasonable efforts, concurrence was not obtained.

                                      Respectfully Submitted,

                                      **THE LAW OFFICES OF BARTON MORRIS**

December 12, 2023              /s/ Ian Redmond
                                      Barton W. Morris, Jr. (P54701)
                                      Ian M. Redmond (P70599)
                                      Attorneys for Plaintiffs
                                      801 West Big Beaver Road, Suite 600
                                      Troy, Michigan 48084
                                      (248) 541-2600
                                      barton@bartonmorris.com
                                      ian@bartonmorris.com

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| JEREMY WILBURN, an individual | ) | |
| | ) | |
| TODD POLLARD, an individual | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| vs. | ) | Honorable |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, and STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

---

LAW OFFICES OF BARTON MORRIS
Barton W. Morris, Jr. (P54701)
Ian M. Redmond (P70599)
Attorneys for Plaintiffs
801 West Big Beaver Road, Suite 600
Troy, MI  48304
(248) 541-2600
barton@bartonmorris.com
ian@bartonmorris.com

---

BRIEF IN SUPPORT OF PLAINTIFFS'

MOTION FOR PRELIMINARY INJUNCTION

**TABLE OF CONTENTS**

Contents

TABLE OF CONTENTS ................................................................................................... 4

STATEMENT OF QUESTIONS PRESENTED ............................................................... 5

INTRODUCTION AND PROCEDURAL HISTORY ....................................................... 7

FACTUAL BACKGROUND .............................................................................................. 7

ARGUMENT AND LEGAL AUTHORITIES .................................................................... 8

1.     **Plaintiffs are Entitled to a Preliminary Injunction Requiring the Bureau of Alcohol, Tobacco, Firearms and Explosives and Steven Dettelbach to Honor Plaintiffs' Second Amendment Right to Keep and Bear Arms.** .................................................................. 8

   a)   Plaintiffs have a legitimate claim of entitlement to and a justifiable expectation in enjoying their Constitutional Rights and thus have a constitutionally protected interest. ....................................................................................................................... 10

1.     **There is a very high probability that Plaintiffs will succeed on the merits of their claims.** ................................................................................................................................ 11

   a)   Defendants' confiscation of Plaintiffs' firearms was arbitrary and capricious. ........... 11

2.     **Plaintiffs will suffer irreparable harm if the injunction is not granted.** ..................... 12

3.     **The issuance of the injunction would not cause substantial harm to others.** ............. 12

4.     **Granting the injunction would serve the public interest.** ............................................ 13

CONCLUSION ..................................................................................................................... 13

## **STATEMENT OF QUESTIONS PRESENTED**

1. Whether Plaintiffs are entitled to a preliminary injunction requiring Defendants to honor their Second Amendment Rights after expungement of convictions, so that they may own, purchase, carry and otherwise possess firearms?

Plaintiffs' answer:    Yes.

TABLE OF AUTHORITIES

**Cases**

*Michigan State AFL-CIO v. Secretary of State*, 583 N.W.2d 701, 707 (Mich. App. 1998).............................11
*Bonnel v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001)........................................................................12
*Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) ........................................................13
*Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474 (6th Cir. 1995) .................................13
*District of Columbia v. Heller*, 554 U. S. 570 (2008) ....................................................................8, 11
*Farm Labor Organizing Comm. v. Ohio State Hwy Patrol*, 991 F. Supp. 895, 906-07 (N.D. Ohio 1997) .....13
*G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071 (6th Cir. 1994) ..............................13
*Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000)......................................................11
*Henry v. Himes*, 14 F. Supp. 3d 1036, 1060 (S.D. Ohio 2014).........................................................................12
*Hillside Productions, Inc. v. Duchane*, 249 F. Supp. 2d 880, 900 (E.D. Mich. 2003)......................................12
*Legatus v. Sebelius*, 901 F. Supp. 3d 980, 998 (E.D. Mich. 2012) ...................................................................13
*Lopez-Mejia ex rel. Unborn Child v. Lynch*, 2016 WL 2937479 (S.D. Ohio May 20, 2016).........................12
*McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997) ............................10
*Michigan Coalition of State Employee Unions v. Civil Service Commission*, 600 N.W.2d 362, 366 (Mich. App. 1999)................................................................................................................................................10
*Monaghan v. Sebelius*, 931 F. Supp. 2d 794, 808-09 (E.D. Mich. 2013) .........................................................13
*Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) ...................................12
*Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1221 (6th Cir. 1992). ...........................................................11
*People v. Van Heck*, 252 Mich App 207; 657 NW2d 174 (2002)......................................................................9
*Schuh v. Clayton*, 2021 WL 3912542, at *2 (E.D. Mich. July 29, 2021)...........................................................11
*Stevens v. Hunt*, 646 F.2d 1168, 1170 (6th Cir. 1981) .....................................................................................11
*Wyoming ex rel. Crank v. U.S.*, 539 F.3d 1236 (10 Cir. 2008). .........................................................................9

**Statutes**

28 USC§ 921(a)(33)..............................................................................................................................................9
Fourteenth Amendment....................................................................................................................................7, 12
MCL 780.621 ........................................................................................................................................................9
MCL 780.621g ......................................................................................................................................................9
Second Amendment ......................................................................................................................................passim

**Other Authorities**

*Bearing Arms Today*, 28 J.Legis 325 (2002) .....................................................................................................11
*Black's Law Dictionary* (4th ed.2004)................................................................................................................9

## INTRODUCTION AND PROCEDURAL HISTORY

Plaintiffs Todd Pollard and Jeremy Wilburn, (collectively "Plaintiffs") have sued Defendants, Bureau of Alcohol, Tobacco, Firearms and Explosives, and Steven Dettelbach, for violations of its due process rights under the Fourteenth Amendment for Defendants' refusal to honor the expungements and thereby denying Plaintiff's Second Amendment rights to own, carry, purchase and otherwise possess firearms.

Despite Plaintiffs' requests, Defendants refuse to return Plaintiff's firearms and continue to punish Plaintiffs for convictions that have been set aside. Defendants' violations of Plaintiffs' Second and Fourteenth Amendment rights are ripe before this Court and do not have any adequate monetary remedy. An injunction is necessary to restore Plaintiffs' rights and prevent Defendants from further violations.

## FACTUAL BACKGROUND

Plaintiffs have each been convicted of crimes and both have been granted expungements which have set aside those convictions.

### Todd Pollard

On February 28, 2001, Plaintiff Pollard was convicted of Possession of a Short-Barreled Shotgun by the Third Circuit Court of Wayne County, Michigan, case Number 01-002259-01. Subsequently, the Wayne County Clerk's Office has confirmed that Plaintiff Pollard's conviction has been set aside pursuant to the State of Michigan's Clean Slate Automatic Expungement Program. The Michigan State Police has also confirmed that Plaintiff Pollard's conviction has been set aside pursuant to the State of Michigan's Clean Slate Automatic Expungement Program. Additionally, Plaintiff Pollard successfully obtained a purchase permit and subsequently

...
...

purchased two firearms, which were both subject to Federal background checks. Finally, Plaintiff Pollard successfully obtained a Michigan Concealed Pistol License ("CPL"), which required a Federal background check.

On, or about, September 26, 2023, Defendants confiscated from Mr. Pollard two firearms alleging that he is a prohibited person pursuant to Title 18 Section 922(g) based upon his conviction for Possession of a Short-Barreled Shotgun.

**Jeremy Wilburn**

On April 17, 2008, Plaintiff Wilburn was convicted of Domestic Violence by the 41B District Court, Case Number 2008-081934-SC. That court granted Plaintiff an expungement on February 22, 2022 by setting aside Plaintiff Wilburn's conviction. **Exhibit A**, Order.

On November 8, 2023, Defendants confiscated Plaintiff Wilburn's firearms.

## ARGUMENT AND LEGAL AUTHORITIES

1. **Plaintiffs are Entitled to a Preliminary Injunction Requiring the Bureau of Alcohol, Tobacco, Firearms and Explosives and Steven Dettelbach to Honor Plaintiffs' Second Amendment Right to Keep and Bear Arms.**

The United States Supreme Court upheld private ownership of firearms in *District of Columbia v. Heller*, 554 U. S. 570 (2008).

> We hold that the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense. Assuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must permit him to register his handgun and must issue him a license to carry it in the home. *Id*. at 635.

Michigan's expungement law (MCL 780.621 et seq) permits certain people to apply and have their convictions expunged such that the conviction is removed from their criminal record and their civil rights are restored.

*People v. Van Heck*, 252 Mich App 207; 657 NW2d 174 (2002) reviewed the prior version of MCL 780.621 by stating: "we recognize that this Court has previously held that the purpose of the expungement act is 'to allow one-time offenders,' i.e., those 'whose records are blemished by 'a single conviction for a single crime … committed on a single occasion'" to have their criminal records expunged." Quoting *People v Grier*, 239 Mich App 521, 523; 608 NW2d 821 (2000), quoting *People v McCullough*, 221 Mich App 253, 257; 561 NW2d 114 (1997). The revised Clean Slate Law expands the expungement to automatically set aside certain convictions. MCL 780.621g.

Michigan's expungement process completely sets aside the subject conviction and fully restores all civil rights that may have been lost as a result of the conviction. MCL 780.621. The plain meaning of "expunge" and "set aside" are nearly equivalent. Black's law dictionary defines "expunge" as "[t]o erase or destroy." *Black's Law Dictionary* (4th ed.2004). Similarly, Black's defines "set aside" as "to annul or vacate." *Id.* Importantly for the context of § 921(a)(33), both definitions require a complete removal of the effects of a conviction.

> [t]he structure of § 921(a)(33)(B)(ii) suggests that Congress intended the terms to be interpreted equivalently. The first portion of the subsection lists four state actions that would remove firearm disability: expunging, setting aside, pardoning, or restoring civil rights. *See id.* The second portion of the subsection—which we label the "unless" clause—is apparently intended to parallel and to be coextensive with the first portion of that subsection, yet it addresses only three state actions: pardoning, expunging, or restoring civil rights. *Id.* The absence of the term "set aside" suggests that Congress felt that "expungement" in the "unless" clause covered both "set asides" and "expungements."

*Wyoming ex rel. Crank v. U.S.*, 539 F.3d 1236 (10 Cir. 2008).

Here, Plaintiffs obtained expungements of their criminal convictions under Michigan's expungement law, now termed Clean Slate Law. The effect of their expungements is to set aside the convictions and restore civil rights, including the right to "keep and bear arms." Second Amendment. Plaintiff Wilburn received a court order setting aside his conviction. **Exhibit A**. Plaintiff Pollard received no such order as his expungement was automatic. However, Plaintiff Pollard subsequently purchase two firearms and obtained his CPL, all of which required federal background checks.

### a) **Plaintiffs have a legitimate claim of entitlement to and a justifiable expectation in enjoying their Constitutional Rights and thus have a constitutionally protected interest.**

Under Michigan law, the following four factors should be considered in determining whether to grant a preliminary injunction:

(1) The likelihood that the party seeking the injunction will prevail on the merits;

(2) The danger that the party seeking the injunction will suffer irreparable injury if the injunction is not issued;

(3) The risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief; and

(4) The harm to the public interest if the injunction is issued.

*Michigan Coalition of State Employee Unions v. Civil Service Commission*, 600 N.W.2d 362, 366 (Mich. App. 1999). These factors are not prerequisites to issuing an injunction - rather, they are to be balanced. *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997). The decision to grant or deny preliminary injunctive relief should be based on the facts of the case in question. *Michigan State AFL-CIO v. Secretary of State*, 583 N.W.2d

701, 707 (Mich. App. 1998). And "[a]lthough no single factor is controlling when determining whether a preliminary injunction should be issued, the likelihood of success on the merits is often the predominant consideration." *Schuh v. Clayton*, 2021 WL 3912542, at *2 (E.D. Mich. July 29, 2021) (citing *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000)).

1. **There is a very high probability that Plaintiffs will succeed on the merits of their claims.**

Plaintiffs sued for an injunction and declaratory relief due to Defendants' violating Plaintiffs' due process rights under the Fourteenth Amendment. Plaintiffs are likely to prevail on this claim because Plaintiffs obtained a protected property interest in the firearms and the disputed Second Amendment Rights that were taken away through arbitrary and capricious government action.

As stated above, citizens have a right under the Second Amendment to own, purchase, carry and otherwise possess firearms unless they are otherwise prohibited. See *Heller* supra. For a state or the Federal Government to deprive someone of their Second Amendment rights is a deprivation of a "fundamental right." See *Bearing Arms Today*, 28 J.Legis 325 (2002).

Plaintiffs obtained expungements that annulled and vacated their convictions and thereby restored their civil rights. After receiving their expungements, Plaintiffs legally owned their firearms and were protected by the Second Amendment from governmental infringement.

a) **Defendants' confiscation of Plaintiffs' firearms was arbitrary and capricious.**

To prevail on a substantive due process claim, "a plaintiff must show that the state administrative agency has been guilty of 'arbitrary and capricious action' in the strict sense, meaning that 'there is no rational basis for the . . . decision.'" *Stevens v. Hunt*, 646 F.2d 1168, 1170 (6th Cir. 1981); *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1221 (6th Cir. 1992).

Here, Plaintiffs obtained expungements and legally owned their firearms. Defendants had no legitimate reason to confiscate Plaintiffs' firearms.

2. **Plaintiffs will suffer irreparable harm if the injunction is not granted.**

Irreparable harm is generally presumed when constitutional violations are at stake. *See Henry v. Himes*, 14 F. Supp. 3d 1036, 1060 (S.D. Ohio 2014) ("Constitutional violations are routinely recognized as causing irreparable harm unless they are promptly remedied.") (citation omitted). *See also Lopez-Mejia ex rel. Unborn Child v. Lynch*, 2016 WL 2937479, at *5 (S.D. Ohio May 20, 2016) ("If a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated.") (citing *Bonnel v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001)); *Hillside Productions, Inc. v. Duchane*, 249 F. Supp. 2d 880, 900 (E.D. Mich. 2003) ("It is well established that a plaintiff can demonstrate irreparable harm 'if the claim is based upon a violation of the plaintiff's constitutional rights.'") (citing *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002)).

Here, Defendants are depriving Plaintiffs of both their Second and Fourteenth Amendment rights to keep and bear arms and to due process under the law. Plaintiffs continue to suffer irreparable harm every day that they are deprived of their rights. Additionally, Plaintiffs are deprived of their ability to legally protect themselves and their families, which is an additional right under the Second Amendment. See *Heller* supra at 599. Accordingly, Plaintiffs have a high likelihood of prevailing on the merits.

3. **The issuance of the injunction would not cause substantial harm to others.**

Requiring Defendants to return Plaintiffs firearms and recognize the expungements would not cause substantial harm to others. Compelling Federal officials to act in accordance with the dictates of the Fourteenth Amendment would not cause substantial harm to others. *See*

*Farm Labor Organizing Comm. v. Ohio State Hwy Patrol*, 991 F. Supp. 895, 906-07 (N.D. Ohio 1997) (finding that requiring officials to act in accordance with the dictates of the constitution does not cause substantial harm to others).

    4. **Granting the injunction would serve the public interest.**

Guarding against violations of the Fourteenth Amendment advances the public interest. *See, e.g.*, *Legatus v. Sebelius*, 901 F. Supp. 3d 980, 998 (E.D. Mich. 2012) (holding that "it is always in the public interest to prevent the violation of a party's constitutional rights") (citing *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998)); *Monaghan v. Sebelius*, 931 F. Supp. 2d 794, 808-09 (E.D. Mich. 2013) (holding same, citing *G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071 (6th Cir. 1994) and *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474 (6th Cir. 1995)). As noted, Plaintiffs' constitutional right to equal protection of the laws is at issue in this case. Although Defendants may have a compelling interest in preventing criminals from possessing firearms illegally, they do not have a legitimate interest in the unconstitutional confiscations of firearms which were legitimately purchased and possessed after Plaintiffs obtained expungements of their convictions.

## CONCLUSION

A preliminary injunction is necessary and warranted under these circumstances to afford Plaintiffs the ability to reclaim their firearms and exercise their Second Amendment rights. All four factors that this Court must consider for the issuance of a preliminary injunction militate in favor of injunctive relief. First, Plaintiffs are likely to succeed on the merits of their Substantive Due Process claim because Plaintiffs, after obtaining their expungements, had a protected property interest in their firearms and their self-defense, and have subsequently been deprived of that interest through arbitrary and capricious government action. Second, Plaintiffs will suffer

irreparable harm if the injunction is not granted because they have not only suffered a violation of their constitutional right to keep and bear arms but have also been deprived of their ability to defend themselves and their families. Third, the issuance of the injunction would not cause harm to others, as the return of Plaintiffs' firearms would simply compel ATF officials to act in accordance with the dictates of the Fourteenth Amendment. And lastly, granting the injunction would serve the public interest because doing so would prevent the violation of Plaintiffs' constitutional rights, which is always in the public interest.

Accordingly, Plaintiffs Jeremy Wilburn and Todd Pollard requests the Court issue a preliminary injunction requiring the Bureau of Alcohol, Tobacco, Firearms and Explosives, and Steven Dettelbach to return Plaintiffs' firearms to Plaintiffs, as well as requiring the Bureau of Alcohol, Tobacco, Firearms and Explosives, and Steven Dettelbach to honor the expungements that set aside their convictions and restored their civil rights, including their Second Amendment rights.

Respectfully Submitted,

**THE LAW OFFICES OF BARTON MORRIS**

December 12, 2023          /s/ Ian Redmond
                           Barton W. Morris, Jr. (P54701)
                           Ian M. Redmond (P70599)
                           Attorneys for Plaintiffs
                           801 West Big Beaver Road, Suite 600
                           Troy, Michigan 48084
                           (248) 541-2600
                           barton@bartonmorris.com
                           ian@bartonmorris.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 13, 2023, I electronically filed the foregoing Motion for Preliminary Injunction and Brief in Support using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings. Additionally, I certify that I sent the foregoing by certified mail to:

    Bureau of Alcohol, Tobacco, Firearms and Explosives
    99 New York Avenue, NE
    Washington, DC 20226

    Steven Dettelbach
    99 New York Avenue, NE
    Washington, DC 20226

                                        */s/ Ian Redmond*
                                        Ian M. Redmond (P70599)
                                        ian@bartonmorris.com