UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY WILBURN,

        Plaintiff,                   Case No. 2:23-cv-13170

v.                                       Honorable Susan K. DeClercq
                                           United States District Judge
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES and
STEVEN DETTELBACH, Director of ATF,

        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DIRECTING ONE PLAINTIFF TO REFILE IT**

Plaintiffs Jeremy Wilburn and Todd Pollard sought a preliminary injunction against the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and Steven Dettelbach in his official capacity as the ATF's Director. ECF No. 2. They asserted their Second Amendment rights were being violated due to the ATF's refusal to honor their expungements and sought the return of their firearms. *Id.*

Upon review, recent developments have rendered Pollard's claims moot. ATF conducted a thorough reevaluation of Pollard's case and reversed its earlier decision, determining that his prior felony conviction does not prohibit him from possessing firearms. ECF No. 33 at PageID.797–99 (sealed). Consequently, ATF

rescinded the prohibition notice issued to Pollard and the acknowledgment notice received by Pollard's brother, who had custody of the firearms. *Id.*

This Court finds that Pollard's motion for a preliminary injunction is moot. The ATF has already provided Pollard the relief he sought: recognition of his right to possess firearms post-expungement. So there is no live controversy regarding Pollard's claims that requires immediate judicial intervention. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (holding that a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam))); *Jarrett v. United States*, 79 F.4th 675, 678 (6th Cir. 2023) ("Mootness arises when a plaintiff receives all the relief she requested or could receive in the case." (citing *Alvarez v. Smith*, 558 U.S. 87, 92–94 (2009))). Therefore, the motion for a preliminary injunction as it pertains to Todd Pollard is denied as moot.

As for Jeremy Wilburn, this Court directs that if he still seeks the same relief requested in the motion, he must refile his motion individually. This will ensure that this Court can accurately address his specific circumstances to date and any ongoing issues pertaining to his Second Amendment rights. *See Meddaugh v. Gateway Fin. Serv.*, 604 F. Supp. 3d 667, 669 (E.D. Mich. 2022) (explaining that a denial without prejudice permits refiling). Thus, the motion for preliminary injunction will be denied without prejudice with respect to Jeremy Wilburn.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Preliminary Injunction, ECF No. 2, is **DENIED AS MOOT** with respect to Todd Pollard and **DENIED WITHOUT PREJUDICE** with respect to Jeremy Wilburn.

Further, it is **ORDERED** that Plaintiff Jeremy Wilburn is **DIRECTED** to refile his motion for preliminary injunction individually **on or before August 1, 2024**, if he continues to seek such relief.

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:  7/18/2024