UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY WILBURN,

    Plaintiff,

v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES et al.,

    Defendants.
_____/

Case No. 2:23-cv-13170

Honorable Susan K. DeClercq
United States District Judge

**ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING ADDRESSING WHETHER THE COURT'S FORTHCOMING OPINION AND ORDER SHOULD BE FILED UNDER SEAL**

The Court is prepared to issue an opinion and order resolving the Government's motion to dismiss, ECF Nos. 19; 23 (sealed), and Wilburn's motion for preliminary injunction, ECF No. 38. Before doing so, the Court would like the parties to address whether the forthcoming opinion should be filed under seal.[1] So far, the parties have differed in their approach to filing under seal: the Government, mindful that its papers contain information that may be prohibited from disclosure

---

[1] The Court remains mindful that there is a "strong presumption of openness" as to court records, *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). That is because, at the adjudication stage, "the public is entitled to assess for itself the merits of judicial decisions, and so "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).

under Michigan law, has filed its papers under seal. *See* Mich. Comp. Laws § 780.623(5). On the other hand, Wilburn has filed nothing under seal, even though his papers refer to that same information.

Therefore, the parties will be directed to file supplemental briefing on the issue. Each party's supplemental brief must state the party's position with respect to sealing the forthcoming opinion and set forth the legal basis supporting that position. *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176) (noting that courts must consider "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary"). If the parties agree one way or another, they may (but need not) submit a joint supplemental brief rather than two separate briefs. Each supplemental brief may not exceed 5 pages.

Accordingly, it is **ORDERED** that the Parties are **DIRECTED** to file the above-described supplemental briefing **on or before March 13, 2025**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 7, 2025